IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** § <br> as Broadcast Licensee of the October 6, 2007 § <br> "Will to Win": Pacquiao/Barrera Event, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **Q CAFÉ, INC.,** Individually and d/b/a § <br> **Q CAFÉ & BILLIARDS GAME ROOM,** § <br> § <br> **Q CAFÉ & BILLIARD, INC.,** Individually § <br> and d/b/a **Q CAFÉ & BILLIARDS GAME** § <br> **ROOM,** § <br> § <br> **MIJA KIM** a/k/a **MIJA YI,** § <br> Individually and d/b/a **Q CAFÉ &** § <br> **BILLIARDS GAME ROOM,** § <br> § <br> **NAM SUN PEAK,** a/k/a **NAM SUN PAEK** § <br> a/k/a **NAM S. PAEK** a/k/a **NAMSUN** § <br> **PAEK** a/k/a **NAN SUM PAEK,** § <br> Individually and d/b/a **Q CAFÉ &** § <br> **BILLIARDS GAME ROOM,** § <br> § <br> Defendants. § | | Civil Action No. 3:10-CV-02006-L |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Interlocutory Default Judgment, filed June 28, 2011. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Interlocutory Default Judgment.

**Memorandum Opinion and Order – Page 1**

**I.     Background**

Plaintiff J&J Sports Productions, Inc. as Broadcast Licensee of the October 6, 2007 "Will to Win": Pacquiao/Barrera Event ("Plaintiff") filed its Complaint in this court on October 5, 2010, seeking relief against Defendants (1) Q Café, Inc., individually and d/b/a Q Café & Billiards Game Room; (2) Q Café & Billiard, Inc., individually and d/b/a Q Café & Billiards Game Room; (3) Mija Kim a/k/a Mija Yi, individually and d/b/a Q Café & Billiards Game Room; (4) Hyung Joon Kim, individually and d/b/a Q Café & Billiards Game Room; and (5) Nam Sun Peak, individually and d/b/a Q Café & Billiards Game Room ("Peak" or "Defendant").  In its Motion for Interlocutory Default Judgment, Plaintiff seeks default judgment solely against Defendant Peak.  This is an action for anti-piracy under the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 ("Act"). 47 U.S.C. §§ 553, 605 (2011).

Defendant was properly served on April 1, 2011, and to date has not filed an answer to Plaintiff's First Amended Complaint or otherwise defended in this lawsuit.  Plaintiff requested the clerk to issue entry of default on June 28, 2011, and default was entered by the clerk on June 29, 2011.  Plaintiff now requests entry of default judgment against Defendant Peak for statutory damages and a permanent injunction; Plaintiff further requests reasonable attorney's fees and costs.

**II.    Analysis**

The court finds that because Defendant has neither filed an answer to Plaintiff's First Amended Complaint nor otherwise defended in this lawsuit, and because Defendant is not an infant, incompetent or in the military, Plaintiff is entitled to judgment against Defendant. Pl.'s Req. for Entry of Default Against Def. Nam Sun Peak a/k/a Nam Sun Paek, Exhibit A-1; 50 U.S.C. App. §§ 501-527 (2010).  The court, therefore, accepts as true the well-pleaded allegations stated by Plaintiff

in its Complaint, the facts in Plaintiff's Motion for Interlocutory Default Judgment, and those set forth in the brief accompanying the motion.

    **A.    Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). In Plaintiff's Motion for Interlocutory Default Judgment, Plaintiff asks the court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Pl.'s Mot. for Interlocutory Default J. 20, ¶ 1-3. Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II) (2011). The amount of statutory damages requested by Plaintiff falls within the amount allowed by statute, and the court finds the amount of $10,000 in statutory damages reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing the plaintiff to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for

each violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(ii) (2011). To deter pirating of cable and satellite broadcasts, court have applied multipliers of three to eight times the statutory damages as additional damages. *See KingVision Pay-Per-View, Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001) (discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 U.S. Dist. LEXIS 4874, at *3, 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the amount of five times the initial statutory damages award). The multiplier of five times in this case is reasonable, considering the location of the broadcast in an urban area and the importance of deterring future violations. The court determines that such damages are ascertainable from the complaint and Plaintiff's brief and awards Plaintiff $50,000 as additional damages. Accordingly, Plaintiff is entitled to a total amount of **$60,000** in damages.

### B.     Permanent Injunction

Plaintiff further requests the court permanently enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Act. The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i) (2011). After a careful review of the evidence and authority, the court determines that permanent injunctive relief is appropriate. Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, Defendant's officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with Defendant are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### C. Costs and Attorney's Fees

Plaintiff J&J Sports requests attorney's fees from Defendant in the amount of one-third of recovery, or alternatively the hourly time (for prosecution of this case through default judgment) presented in the Affidavit of David M. Diaz in the amount of $1,000. Aff. of David M. Diaz 5, ¶ 1. The court determines that an hourly rate is the method that should be used for awarding attorney's fees and therefore must determine whether the requested amount is reasonable. The record reflects that Plaintiff's counsel, David M. Diaz, has been licensed by the State of Texas since 1999. His practice primarily consists of handling cases involving commercial and civil litigation. His hourly rate is $250 per hour. The court finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. Accordingly, the court finds that the hourly rate of $250 per hour is reasonable.

Although Plaintiff has produced no time records or evidence setting forth the number of hours expended, he estimates that his counsel has spent a minimum of four hours on this case through the preparation of Plaintiff's Motion for Default Judgment. The court finds that Plaintiff's counsel reasonably expended at a minimum four hours to obtain summary judgment. The Act requires that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii) (2011). Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of $1,000.

### III.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Interlocutory Default Judgment. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiff in the amount of **$60,000**, plus postjudgment interest thereon at the applicable federal rate of .11%. This judgment will be joint and several with Defendants (1) Q Café, Inc., individually and d/b/a Q Café & Billiards Game Room, (2) Q Café & Billiard, Inc., individually and d/b/a Q Café & Billiards Game Room, and (3) Mija Kim a/k/a Mija Yi, individually and d/b/a Q Café & Billiards Game Room against whom the court granted summary judgment in this action. The court granted summary judgment on the same date this default judgment was granted. Plaintiff requested no prejudgment interest, and the court awarded none. The court **permanently enjoins** Defendant, Defendant's officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with Defendant from intercepting or exhibiting an unauthorized program in violation of the Act. The court also **awards** Plaintiff reasonable attorney's fees in the amount of **$1,000** and taxes all allowable and reasonable costs against Defendant. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 25th day of January, 2012.

_____
Sam A. Lindsay
United States District Judge