**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** as Broadcast Licensee of the October 6, 2007 Will to Win:Pacquiao/Barrera Event,<br><br>Plaintiff,<br><br>v.<br><br>**Q CAFÉ, INC.,** individually and d/b/a Q Café & Billiards Game Room; **Q CAFÉ & BILLIARD, INC.,** individually and d/b/a Q Café & Billiards Game Room; and **MIJA KIM** individually and d/b/a Q Café & Billiards Game Room a/k/a Mija Yi,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:10-CV-2006-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendants Mija Kim, Q Café, Inc. and Q Café & Billiard, Inc.'s ("Defendants") Motion for Relief from a Judgment (Docs. 40 and 41), filed September 30, 2012; and Defendants' Motion for Setting and Request for Hearing (Docs. 43 and 44),[*] filed October 9, 2012. After careful consideration of the motions, responses, records, and applicable law, the court **denies** Defendants Mija Kim, Q Café, Inc. and Q Café & Billiard, Inc.'s Motion for Relief from a Judgment (Docs. 40 and 41); and Defendants' Motion for Setting and Request for Hearing (Docs. 43 and 44).

[*] Defendants have filed duplicate motions. Documents 40 and 41 are identical; and Documents 43 and 44 are identical. Even if these documents are not identical, the court treats them as such for purposes of this opinion. Further, Defendants did not file a reply to any of the responses filed by Plaintiff.

## I. Factual and Procedural Background

On January 25, 2012, the court granted Plaintiff's Motion for Summary Judgment against Defendants and issued judgment against Defendants on the same day. Defendants now seek relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff opposes the relief sought because it contends that Defendants have not met their burden to show that they are entitled to relief under Rule 60(b). The court agrees.

## II. Discussion

Rule 60(b) provides as follows:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendants' seek relief pursuant to the first clause of this rule. The law of the Fifth Circuit regarding an inadvertent mistake by a party's counsel is aptly summarized as follows:

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances." In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as

> justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law of the applicable rules of court.

*Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993) (footnotes omitted).

In support of Defendants' motion, their counsel submits the following operative facts:

> 2. On November 1, 2010, I filed an answer for the Defendants in this case;
>
> 3. At the time that I filed an answer for the Defendants in this case, I was not aware that I had to be a registered ECF user. As such, I was not registered as a ECF user in this case;
>
> 4. I made an inadvertent mistake by not having registered as a ECF user in this case;
>
> 5. Only July 20, 2011 when Plaintiff filed a motion for summary judgment against Defendants, I was not a registered ECF user. As such, I never received Plaintiff's motion for summary judgment via ECF;
>
> 6. I also never received from Plaintiff any motion for summary judgment against Defendants via certified mail or first class mail. I never received any notice of Plaintiff's motion for summary judgment;
>
> 7. Because of the fact that I never received any notice of Plaintiff's motion for summary judgment of July 20, 2011, I never conveyed any such motion to Defendants. Thus, no response to Plaintiff's motion for summary judgment was filed;
>
> 8. I am now a registered ECF user as of September 12, 2012. In the future, I will receive all notices via ECF because I am now a registered ECF user;
>
> 9. I am requesting to this Court to set aside this final judgment against Defendants because of the inadvertent mistake and the lack of notice.

Aff. of Moses Jun, Esq. ¶¶ 2-9. The essence of Mr. Jun's affidavit and argument is that he made "an inadvertent mistake." *Id*. ¶¶ 4, 9; Defs.' Mot. for Relief from J. ¶ 12. The obligations of counsel with respect the filing and serving of pleadings, motions, or other papers are set forth in Local Civil Rule 5.1 of the Northern District of Texas. This rule provides in part:

> **(e) Electronic Filing Required.** Unless the presiding judge otherwise directs, an attorney—other than a prisoner pro se party—must file any pleading (except a complaint), motion, or other paper by electronic means, subject to the restrictions and requirements of the ECF [electronic case filing] Administrative Procedures Manual. A party may, for cause, move to be excused from the requirement of electronic filing.
>
> **(f) Registration as an ECF User Required.** Unless excused for cause, an attorney—other than a prisoner pro se party—must register as an ECF user within 14 days of the date the attorney appears in a case, following the registration procedures set forth in the ECF Administrative Procedures Manual.

L.R. 5.1(e),(f). By the plain terms of this rule, Defendants' counsel was required to file his answer by electronic means, unless the presiding judge otherwise directed him. Further, an attorney, unless excused for cause, is required to register as an ECF user no later than 14 days after he or she appears in a case. Defendants' counsel neither filed his answer electronically nor registered as an ECF user within 14 days after he filed Defendants' answer, and he was not excused by the court from the requirements of electronic filing or registration as an ECF user.

That counsel was unaware of the requirements regarding ECF is quite beside the point. "[I]gnorance of local rules or misconception of their application does not merit relief" under Rule 60(b)(1). *Bohlin*, 6 F.3d at 357. A party is required to exercise diligence and inquire about the status of a case. *Id.* Even though Defendants' counsel was not signed up for ECF until after the court granted summary judgment, the court's docket sheet, which lists all filings made in a case, was available to Defendants' counsel through the Public Access to Court Electronic Records system ("PACER"). Had counsel availed himself of PACER, he would have been aware of each document filed in this case. Although Defendants' counsel did not receive notice of the summary judgment motion prior to the court ruling on it, the failure to receive notice was due to counsel's lack of knowledge of the requirements imposed on attorneys practicing in this district by the Local Civil Rules and the failure to adhere to them.

Finally, the court considers whether any unique circumstances exist to warrant relief under Rule 60(b)(1). Defendants have set forth no unique circumstances, and the court's review of the record reveals no unique or exceptional circumstances that warrant the court to set aside the judgment it issued on January 25, 2012.

## III. Conclusion

For the reasons herein stated, Defendants have failed to show that they are entitled to relief pursuant to Rule 60(b)(1). Accordingly, the court **denies** Defendants Mija Kim, Q Café, Inc. and Q Café & Billiard, Inc.'s Motion for Relief from a Judgment (Docs. 40 and 41); and Defendants' Motion for Setting and Request for Hearing (Docs. 43 and 44).

**It is so ordered** this 12th day of June, 2013.

Sam A. Lindsay
United States District Judge