IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the October 6, 2007 "Will to Win:" Pacquiao/Barrera Event, <br><br> Plaintiff, <br><br> v. <br><br> Q CAFÉ, INC., Individually and d/b/a Q CAFÉ & BILLIARDS GAME ROOM, Q CAFÉ & BILLIARD, INC., Individually and d/b/a Q CAFÉ & BILLIARDS GAME ROOM, MIJA KIM a/k/a MIJA YI, Individually and d/b/a Q CAFÉ & BILLIARDS GAME ROOM, and NAM SUN PEAK a/k/a NAM SUN PAEK a/k/a NAMSUN PAEK a/k/a NAN SUM PAEK, Individually and d/b/a Q CAFÉ & BILLIARDS GAME ROOM, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | No. 3:10-cv-2006-L (BF) |

## MEMORANDUM ORDER

Plaintiff J&J Sports Productions, Inc. has filed a Motion to Compel Post-Judgment Discovery in this antipiracy case brought under the Federal Communications Act of 1934, as amended (the "FCA"), 47 U.S.C. § 521, *et seq*. By its motion, Plaintiff seeks an order compelling Defendants Q Café Inc., Q Café & Billiard, Inc., and Mija Kim ("Defendants") to answer post-judgment interrogatories and produce documents responsive to post-judgment requests for production. Plaintiff also seeks an award of $1,250 for reasonable expenses, including attorney's fees, incurred in bringing this motion. Defendants failed to file a written response to Plaintiff's motion. The Court therefore considers the motion without the benefit of a response.

On January 25, 2012, the District Court entered Judgment against Defendants, jointly and severally, and ordered them to pay $60,000 in damages, plus interest, and $2,500 in attorney's fees. Judgment (Doc. 33), 1/25/12. When Defendants failed to pay the Judgment, Plaintiff served them with various post-judgment discovery requests to obtain information to aid in the enforcement of the Judgment. *See* Aff. of David Korn, Def. Mot., Exh. A-1 at 5, ¶ 7; Def. Mot., Exh. A-2. Defendants failed to respond to any of Plaintiff's post-judgment discovery requests and instead filed a Fed. R. Civ. P. 60(b) motion for relief from the Judgment. Although the District Court denied Defendants' motion on June 12, 2013, *see* Memorandum Opinion and Order (Doc. 46), 6/12/13, Defendants still have not paid the Judgment and have not responded in any way to Plaintiff's post-judgment discovery requests.

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from any person, including the judgment debtor, to identify assets upon which execution may be made. FED. R. CIV. P. 69(a)(2). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *T-M Vacuum Prods., Inc. v. Taisc, Inc.*, No. H-07-4108, 2008 WL 5082413, at *1 (S.D. Tex. Nov. 25, 2008) (quoting 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 69.04 (2008)) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor."). Further, Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. FED. R. CIV. P. 69(a)(2); *Nat'l Satellite Sports v. Elizondo*, No. 3:00-CV-2297-L, 2003 WL 21507362, at *1 (N.D. Tex. Apr. 25, 2003). Objections to post-judgment discovery requests are thus waived if not timely

raised, and the discovering party may move to compel discovery responses if the party against whom discovery is sought fails to answer. *Nat'l Satellite Sports*, 2003 WL 21507362, at *1. If a motion to compel post-judgment discovery is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A).

Defendants have wholly failed to respond or object to Plaintiff's post-judgment discovery requests. Nor have they responded to Plaintiff's motion to compel. Accordingly, any objections Defendants may have had to Plaintiff's post-judgment discovery requests are waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Plaintiff's motion to compel is granted. Defendants must provide complete answers to all of Plaintiff's post-judgment interrogatories and produce all documents responsive to Plaintiff's post-judgment requests for production. Plaintiff's post-judgment requests for admission are deemed admitted. *See Tranman, Inc. v. Griffin*, No. 3:11-CV-1046-M, 2013 WL 944502, at *4 (N.D. Tex. Mar. 12, 2013) ("If a party fails to timely respond [to a request for admission], the matter is deemed admitted and is 'conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.'") (quoting FED. R. CIV. P. 36(b)).

Finally, Defendants and their counsel shall be held jointly and severally responsible for Plaintiff's expenses, including attorney's fees, incurred in bringing the instant motion to compel. *See Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989) (a party and its counsel can be held responsible for reasonable expenses caused by their failure to comply with discovery). The uncontroverted evidence establishes that Plaintiff's counsel is entitled

to fees in the amount of $1,250, which represents five hours of work reasonably expended in bringing the motion at the reasonable blended billing rate of $250 per hour. Aff. of David Korn, Def. Mot., Exh. A-1 at 3, ¶ 5.

## CONCLUSION

Plaintiff's Motion to Compel Post-Judgment Discovery and for Reasonable Expenses (Doc. 47) is GRANTED. Defendants shall deliver to Plaintiff's counsel no later than **October 31, 2013** (1) complete answers to all of Plaintiff's post-judgment interrogatories and (2) documents responsive to all of Plaintiff's post-judgment requests for production. Defendants and their counsel, Mr. Moses Jun, shall pay Plaintiff a total of $1,250 for reasonable expenses incurred in bringing this motion, including attorney's fees.

SO ORDERED, October 3, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4